# **Exhibit 1**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

JILL NORRIS, on behalf of herself and all others similarly situated,

                 Plaintiff,

— against —

BABYLON TOWNHOUSE DINER CORP. d/b/a INFINITY DINER, and ANTONIS SKALIOTIS, an individual,

                 Defendants.

Case No.: 18-cv-03051 (AKT)

---

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (the "Settlement Agreement") is made and entered into by and between Plaintiff JILL NORRIS and opt-in PlaintiffsBARBARA KORWAN and BRITTANY BALMER (collectively "Plaintiffs") and Defendants BABYLON TOWNHOUSE DINER CORP. d/b/a INFINITY DINER and ANTONIS SKALIOTIS ("Defendants") (Plaintiffs and Defendants are jointly referred to in this Settlement Agreement as the "Settling Parties"), as of July __, 2019.

## RECITALS

A. WHEREAS, on or about May 23, 2018, Plaintiff Jill Norris filed an action (the "Action") against Defendants alleging, *inter alia*, that Defendants failed to compensate her at the standard minimum wage rate and violations of §193 and §195 of the New York Labor Law and 12 New York Codes, Rules and Regulations § 146-1.7. Plaintiff Norris filed her Motion for Conditional Certification and Court-Authorized Notice Pursuant to Section 216(b) of the Fair Labor Standards Act ("FLSA") on or about August 27, 2018. Plaintiff's Motion was granted by the Honorable Joseph F. Bianco on January 23, 2019. After distributing class notices, Plaintiff Norris subsequently filed Opt-in Consent Forms for Plaintiffs Barbara Korwan and Brittany Balmer on or about March 12 and 20, 2019, respectively. The Action is currently pending in the United Stated District Court, Eastern District of New York, 18-cv-03051 (AKT);

B. WHEREAS, no court has considered or determined the merits of Plaintiffs' claims;

C. WHEREAS, Defendants admit no wrongdoing, nor liability with respect to Plaintiffs' allegations;

D. NOW, THEREFORE, in consideration of the foregoing, and in consideration of the covenants, warranties and promises set forth below, receipt of which is hereby acknowledged, the Settling Parties agree as follows:

## AGREEMENTS

1. <u>Consideration</u>. The Settling Parties are entering into this Settlement Agreement in exchange for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, Plaintiffs agree that they will not seek any further consideration from or assert any additional or further claims against Defendants, including any monetary payment, beyond that which is set forth in Paragraph 2 of this Settlement Agreement, for the claims alleged in the Action.

2. <u>Settlement Compensation</u>. Defendants agree to pay Plaintiffs the total sum of thirty five thousand dollars and zero cents ($35,000.00), inclusive of attorneys' fees, in full settlement of Plaintiffs' claims against Defendants. Defendants shall issue IRS 1099 Forms to Plaintiffs' counsel for the payment to Plaintiffs and an IRS 1099 Form to the law office of Shulman Kessler LLP in conjunction with the payment of attorneys' fees.

    i. The Settlement Payment is to be paid in two (2) installments according to the following payment schedule:

        A. Seventeen Thousand Five Hundred Dollars and Zero Cents ($17,500.00) (the "Initial Payment") to be paid within thirty (30) days of approval by the Court of this Settlement Agreement and So Orders the Stipulation of Dismissal with Prejudice ("Effective Date"), to be made according to the following breakdown:

            1. A check made payable to "Jill Norris" for the gross amount of Four Thousand Two Hundred Sixty-Nine Dollars and Fifty-Nine Cents ($4,269.59), less applicable taxes, for which a form W-2 will be issued to Jill Norris;

            2. A check made payable to "Barbara Korwan" for the gross amount of Five Thousand Five Hundred Forty-Three Dollars and Forty-Nine Cents ($5,543.49),

less applicable taxes, for which a form W-2 will be issued to Barbara Korwan;

3. A check made payable to "Brittany Balmer" for the gross amount of One Thousand Five Hundred Fifty-Two Dollars and Seventy Cents ($1,552.70), less applicable taxes, for which a form W-2 will be issued to Brittany Balmer; and

4. A check made payable to "Shulman Kessler LLP" for the sum of Six Thousand One Hundred Thirty-Four Dollars and Twenty-Two Cents ($6,134.22), for attorneys' fees, for which a 1099 form will be issued to Shulman Kessler LLP.

B. The second and final installment payment of Seventeen Thousand Five Hundred Dollars and Zero Cents ($17,500.00) is to be paid within One Hundred Eighty (180) days of the Effective Date (the "Second Payment"). The Second Payment will be made according to the following breakdown:

1. A check made payable to "Jill Norris" for the sum of Four Thousand Two Hundred Sixty-Nine Dollars and Fifty-Nine Cents ($4,269.59), for which a 1099 form will be issued to Jill Norris;

2. A check made payable to "Barbara Korwan" for the sum of Five Thousand Five Hundred Forty-Three Dollars and Forty-Nine Cents ($5,543.49), for which a 1099 form will be issued to Barbara Korwan;

3. A check made payable to "Brittany Balmer" for the sum of One Thousand Five Hundred Fifty-Two Dollars and Seventy Cents ($1,552.70), for which a 1099 form will be issued to Brittany Balmer; and

4. A check made payable to "Shulman Kessler LLP" for the sum of Five Thousand Eight Hundred Thirty-Three Dollars and Thirty-Three Cents ($5,833.33), for attorneys' fees, for which a 1099 form will be issued to Shulman Kessler LLP.

    ii. All checks shall be delivered to Shulman Kessler LLP, 534 Broadhollow Road, Suite 275, Melville, New York 11747 on or before the day they are due to be paid.

    iii. In the event that Plaintiffs' Counsel is unable to locate and/or communicate with up to a maximum of one (1) Plaintiff for review and execution of this Agreement, Plaintiffs' Counsel is still authorized to move for Approval of the Motion for Settlement on behalf of the remaining Settling Plaintiffs and the Parties will work together to draft an amended Stipulation of Dismissal and an Amended Exhibit A which will carve out the Plaintiff that did not execute this Agreement. During the course of the Installment Payments, Defendants' Counsel will hold any non-signatory Plaintiff's checks in escrow. If the non-signatory Plaintiff does not come forward to sign this Agreement during the course of the Installment Payments, her monies described in Exhibit A shall revert back to Defendants. Should the non-signatory Plaintiff execute this Agreement during the Installment Payments, Defendants' Counsel will release the checks held in escrow to Plaintiffs' Counsel within 14 days of receipt of her signature. Any Installment Payments remaining shall issue pursuant to this Agreement.

3. <u>Confession of Judgment</u>. Defendants, in both their individual and corporate capacity, shall duly execute and acknowledge, in the county where they reside and/or own a residence, Confessions of Judgment, attached hereto as **Exhibit "B"**, in favor of Plaintiffs and their attorneys (the "Confessions"), for the total amount of Thirty-Five Thousand Dollars and Zero Cents ($35,000.00), less any payments made by Defendants pursuant to this Agreement. Contemporaneously with Defendants' execution of this Agreement, Defendants shall provide Plaintiffs' Counsel with said executed Affidavit of Confession of Judgment bearing original signatures, which shall be held in escrow by Plaintiffs' Counsel. The Confessions shall serve to make Defendants liable for unpaid portions of the Settlement Payment. Plaintiffs' counsel shall hold the Confessions in escrow pending full payment by Defendants of the Settlement Payment, or as otherwise provided for in this Settlement Agreement. Upon the payment in full of the Settlement Payment described in Paragraph 2 above, Plaintiffs' counsel shall stamp the Confessions "VOID" and mail them, along with any and all copies of the Confessions, to Christopher K. Collotta, Esq., Zabell & Collotta, P.C., 1 Corporate Drive, Suite 103, Bohemia, New York 11716, via USPS certified mail delivery. In the event of a default of the payment of settlement installments as provided by Paragraph 2 above, the defaulting party shall be liable to Plaintiffs for reasonable

attorneys' fees incurred in the enforcement of the Confessions and/or this Settlement Agreement.

4. <u>Default and Right to Cure</u>. If, in the event that one or more of the checks given to Plaintiffs' counsel, as per Paragraph 2 above, is not submitted within the payment schedule detailed in Paragraph 2, then Plaintiffs' counsel shall advise Defendants' counsel in writing by email to ccollotta@laborlawsny.com. Defendants shall have ten (10) days from the date of receipt of said notice to cure said default. If said default is not cured, Plaintiffs may enter Confessions of Judgment by Defendants, which shall be executed by said individuals and delivered to Plaintiffs' counsel, to be held in escrow, contemporaneously with Defendants' execution of this Agreement.

5. <u>Tax Documentation</u>. Plaintiffs' counsel shall provide a copy of all necessary information needed for tax purposes (i.e. 1099, W-2, etc.).

6. <u>Release</u>. By operation of the entry of an Order approving this Agreement and Stipulation of Dismissal with Prejudice, and in consideration of, the payments provided for in Paragraph 2 above, subject to the terms and provisions of this Settlement Agreement, and subject to the payment to Plaintiffs and Plaintiffs' counsel of all amounts set forth in Paragraph 2 above, Plaintiffs fully, finally, irrevocably, and forever releases and discharges Defendants from any Federal and New York State wage and hour claims that Plaintiffs asserted in this Action.

7. <u>Settlement Approval Motion</u>.
   a. Plaintiffs' counsel will promptly submit to Defendants' counsel for the latter's comment and approval a proposed Motion for Settlement Approval ("Approval Motion"). Plaintiffs' Counsel will allow Defendants an opportunity to review the terms of the proposed Approval Motion. Defendants' Counsel will review these documents to ensure that they are consistent with this Agreement and the intended Settlement, and if they are not, Plaintiffs' counsel will revise them as reasonably requested by Defendants' counsel to make them consistent, and the Approval Motion shall be filed Jointly by the Parties.

   b. In the Approval Motion, Plaintiffs' counsel will request the Court (1) approve the Settlement as fair, adequate and reasonable; (2) award Plaintiffs' Counsel fees and costs and expenses; and (3) So Order the Stipulation of Dismissal with Prejudice (**Exhibit A**).

    c. The Parties will work together, diligently and in good faith, seeking to expeditiously obtain Approval of the Motion for Settlement and Dismissal of the Action with prejudice.

8. <u>Jurisdiction</u>. The Settling Parties consent that the Federal District Court where the Action was originally filed will retain jurisdiction over any question or dispute arising out of or pursuant to this Settlement Agreement.

9. <u>Headings</u>. The Settling Parties understand and agree that the headings in this Settlement Agreement are for their convenience only and have no legal significance.

10. <u>Attorneys' Fees</u>. The Settling Parties agree that, in any court action permitted by this Settlement Agreement, including enforcement proceedings and entry of the Confession, the prevailing party shall be entitled to an award of reasonable attorneys' fees and costs.

11. <u>Entire Agreement</u>. This Settlement Agreement contains all the understandings and representation between the Settling Parties relating to the subject matter herein, and supersedes all prior and contemporaneous understandings, discussions, agreements, representations, and warranties, both written and oral, with respect to such subject matter. The Settling Parties mutually agree that this Settlement Agreement can be specifically enforced in court and can be cited as evidence in legal proceedings alleging a breach of this Settlement Agreement.

12. <u>Counterparts</u>. The Settling Parties may execute this Settlement Agreement in counterparts, and facsimiles shall be deemed an original, and all of which taken together, shall constitute one and the same instrument. Signature pages may be executed by "wet" signature (i.e., using pen and paper) or electronic signature (e.g., via DocuSign).

IN WITNESS THEREOF, the Settling Parties hereto evidence their agreement by their signature below.

| PLAINTIFFS | DEFENDANTS |
|---|---|
| *[signed]* Jill Norris | |
| JILL NORRIS | ANTONIS SKALIOTIS, in his individual capacity |
| Date: 7/19/2019 | Date: _____ |
| | |
| _____ | INFINITY DINER |
| BARBARA KORWAN | By: _____ |
| Date: _____ | ANTONIS SKALIOTIS, Owner |
| | Date: _____ |
| _____ | |
| BRITTANY BALMER | |
| Date: _____ | |

IN WITNESS THEREOF, the Settling Parties hereto evidence their agreement by their signature below.

| **PLAINTIFFS** | **DEFENDANTS** |
|---|---|

_____
JILL NORRIS
Date: _____

*Barbra Korwan* (DocuSigned by: 945E2E7641A4480...)
BARBARA KORWAN
Date: 7/20/2019

_____
BRITTANY BALMER
Date: _____

_____
ANTONIS SKALIOTIS, in his individual capacity
Date: _____

INFINITY DINER

By: _____
ANTONIS SKALIOTIS, Owner
Date: _____

IN WITNESS THEREOF, the Settling Parties hereto evidence their agreement by their signature below.

| **PLAINTIFFS** | **DEFENDANTS** |
|---|---|
| _____ | _____ |
| JILL NORRIS | ANTONIS SKALIOTIS, in his individual capacity |
| Date: _____ | Date: _____ |
| | |
| _____ | INFINITY DINER |
| BARBARA KORWAN | |
| Date: _____ | By: _____ |
| | ANTONIS SKALIOTIS, Owner |
| *[DocuSigned signature: 7B2EA7A70B954C5...]* | Date: _____ |
| BRITTANY BALMER | |
| Date: 7/19/2019 | |

THE SETTLING PARTIES ACKNOWLEDGE AND AGREE THAT THEY HAVE FULLY READ, UNDERSTAND, AND VOLUNTARILY ENTER INTO THIS SETTLEMENT AGREEMENT. THE SETTLING PARTIES ACKNOWLEDGE AND AGREE THAT THEY HAVE CONSLTED WITH, AND ARE ACTING ON ADVICE OF AN ATTORNEY, BY SIGNING THIS SETTLEMENT AGREEMENT.

IN WITNESS THEREOF, the Settling Parties hereto evidence their agreement by their signature below.

| **PLAINTIFFS** | **DEFENDANTS** |
|---|---|
| | *[signature: Antonios Skla]* |
| _____ | _____ |
| JILL NORRIS | ANTONIS SKALIOTIS, in his |
| Date: _____ | individual capacity |
| | Date: _____ |
| | |
| | INFINITY DINER |
| _____ | |
| BARBARA KORWAN | By: *[signature: Antonios Skla]* _____ |
| Date: _____ | ANTONIS SKALIOTIS, Owner |
| | Date: _____ |
| | |
| _____ | |
| BRITTANY BALMER | |
| Date: _____ | |

# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JILL NORRIS, on behalf of herself and all others similarly situated,<br><br>       Plaintiff,<br><br> — against —<br><br>BABYLON TOWNHOUSE DINER CORP. d/b/a INFINITY DINER, and ANTONIS SKALIOTIS, an individual,<br><br>       Defendants. | Case No.: 18-cv-03051 (AKT)<br><br>[PROPOSED] STIPULATION OF DISMISSAL |

 IT IS HEREBY STIPULATED AND AGREED, by and between the Parties in the above captioned action through their undersigned counsel that, whereas no party hereto is an infant or incompetent person for whom a committee has been appointed, and no person not a party has an interest in the subject matter of the action, in accordance with Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure, the Complaint in the above-captioned action and all claims alleged therein be dismissed with prejudice, with each party to bear their own fees and costs; and further than Plaintiff and the Opt-In Plaintiffs are precluded from bringing any further claims under the Fair Labor Standards Act or New York Labor Law, or any federal, state or local law, for unpaid wages, for the period set forth in Plaintiff's Complaint.

**IT IS FURTHER STIPULATED AND AGREED** that this Stipulation may be executed in counterparts with scanned PDF or facsimile signatures treated as originals.

July 29, 2019
SHULMAN KESSLER LLP

By: _____
Marijana Matura, Esq.
534 Broadhollow Road, Suite 275
Melville, New York 11747
(631) 499-9100
mmatura@shulmankessler.com
*Attorneys for Plaintiffs*

July 26, 2019
ZABELL & COLLOTTA, P.C.

By: _____
Christopher K. Collotta, Esq.
One Corporate Drive, Suite 103
Bohemia, New York 11716
(631) 589-7242
ccollotta@laborlawsny.com
*Attorneys for Defendants*

**SO ORDERED:**

_____
U.S.M.J.