**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X
JILL NORRIS, on behalf of herself and all
others similarly situated,

                            Plaintiff,

               - against -
                                                              CV 18-3051 (AKT)

BABYLON TOWNHOUSE DINER CORP. d/b/a
INFINITY DINER and ANTONIS SKALIOTIS,

                          Defendants.
-------------------------------------------------------------X

## ORDER APPROVING SETTLEMENT AND
## DISMISSAL WITH PREJUDICE OF CLAIMS

**A. KATHLEEN TOMLINSON, U.S. Magistrate Judge:**

      The Court, having reviewed the Complaint filed in this case by Plaintiff JILL NORRIS, as well as the Consents filed by Opt-Ins BARBARA KORWAN and BRITTANY BALMER (collectively with Jill Norris, "Plaintiffs"), the Defendants' Answer to the Complaint; having assessed the claims and defenses raised by the Parties; having conferred with counsel at several discovery conferences; having reviewed Judge Bianco's decision granting collective action certification; having taken into account the Parties' exchange of substantial documents prior to the settlement; having reviewed the damages calculations; having considered the applicable case law; having carefully reviewed the proposed Settlement Agreement and General Release; having noted that this resolution was achieved through the auspices of a respected mediator in the EDNY Court- annexed mediation program; and for good cause shown, hereby ORDERS, ADJUDGES, and DECREES that:

1. The Settlement Agreement, to the extent it addresses claims under the Fair Labor Standards Act and the New York Labor Law: (a) is the result of arm's-length negotiations and is fair to all Parties; (b) reasonably resolves a bona fide disagreement between the Parties with regard to the merits of the Plaintiffs' claims; and (c) demonstrates a good-faith intention by the Parties (i) to fully and finally resolve the Plaintiffs' claims for liability and damages under the Fair Labor Standards Act and the New York State Labor Law and (ii) not to re-litigate in whole or in part, at any point in the future, the claims raised in this litigation or which could have been raised in this litigation concerning the Plaintiffs' wages while employed by the Defendants.

2. The Settlement Agreement meets the standard set forth in *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332 (S.D.N.Y. 2012) in that: (a) considering the Plaintiffs' range of possible recovery, the settlement amount represents 100% of the total amount of unpaid wages and 54% of Plaintiffs' best-case scenario damages calculation; (b) the potential outcome is affected by the dispute over the issue of whether Plaintiffs consistently worked more than 20% of their workday completing non-tipped side-work; (c) Plaintiffs face the risk of delay of payment if the litigation proceeds in addition to the risk of an adverse finding and the prospect of an appeal; (d) the potential exists of defense witnesses providing testimony in conflict with the Plaintiffs' testimony; (e) the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses at trial; (f) the settlement is clearly the product of arm's-length negotiations between experienced counsel with the assistance of a respected EDNY Panel mediator; and (g) the totality of the circumstances and the progression of this case demonstrate the lack of fraud or collusion. *See Wolinsky*, 900 F. Supp. 2d at 335 (internal quotations omitted).

3.       The Settlement Agreement complies with the Second Circuit's guidance in *Cheeks v. Freeport Pancake House*, 796 F.3d 199 (2d Cir. 2015) because: (a) there are no restrictive confidentiality provisions which would otherwise conflict with the remedial purposes of the FLSA; (b) the release is narrowly tailored to the FLSA and NYLL claims asserted in this litigation; and (c) the attorney's fees, which equate to approximately one-third (*i.e.*, 33.3%) of the total settlement amount are fair and consistent with the provisions of the retainer agreement between Plaintiffs and their counsel.

4.       The Plaintiffs' Releases of the Defendants as partial consideration for the settlement are sufficiently limited to deem the releases fair and proper.

5.       Having reviewed the Settlement Agreement provision regarding attorney's fees, the Court finds that the apportionment of one-third of the settlement amount to the attorney's fees, as provided in the Settlement Agreement, is a fair and reasonable reflection of the services rendered to the Plaintiffs by their counsel, Shulman Kessler LLP, by Marijana Matura, Esq.  Such apportionment is well within the parameters set by courts in this District.  *See, e.g., Alvarez v. Sterling Portfolio Inv., LP*, 16 Civ. 5337, 2017 WL 8790990, at *4-5 (E.D.N.Y. Dec. 13, 2017); *Ezpino v. CDL Underground Specialists, Inc.*, 14 Civ. 3173, 2017 WL 3037483, at *3 (E.D.N.Y. June 30, 2017); *Pucciarelli v. Lakeview Cars, Inc.*, 16 Civ. 4751, 2017 WL 2778029, at *2 (E.D.N.Y. June 26, 2017); *Karic v. Major Auto. Cos.*, 09 Civ. 5708, 2016 WL 1745037, at *8 (E.D.N.Y. Apr. 27, 2016); *Abrar v. 7-Eleven, Inc.*, 14 Civ. 6315, 2016 WL 1465360, at *3 (E.D.N.Y. Apr. 14, 2016).

The Court has also used counsel's lodestar to cross-check the reasonableness of the percentage fee.  The lodestar is based on the number of hours expended on the case multiplied by

counsel's hourly rate. "Because the lodestar is being used merely as a cross-check, it is unnecessary for the Court to delve into each hour of work that was performed by counsel to ascertain whether the number of hours reportedly expended was reasonable." *In re Citigroup Inc. Sec. Litig.*, 965 F. Supp. 2d 369, 388–89 (S.D.N.Y. 2013) (quoting *In re IPO Sec. Litig.*, 671 F. Supp. 2d 467, 506 (S.D.N.Y. 2009)). In examining the lodestar, the Court has reviewed the time records and biographies of counsel and the paralegals assigned to this case. *See* Declaration of Marijana Matura, Esq., in Support of Plaintiffs' Unopposed Motion for Approval of the FLSA Settlement ("Matura Decl.") [DE 51], ¶¶ 5-14.; Matura Decl., Ex. 2 (Contemporaneous Billing Records) and Ex. 3 (Summary of Each Attorney's Fees). The Court finds that the hours reported are reasonable and are compiled from the contemporaneous billing records maintained by the Shulman Kessler firm. Significantly, the amount of attorney's fees reflected in the one-third apportionment of the settlement represents close to a 50% reduction of the lodestar amount at play here.

6. The Court further finds fair and reasonable the $904.35 in costs sought by Plaintiffs as part of the settlement. *See* Matura Decl., Ex. 4 (Summary of Costs).

7. In light of the foregoing factors, the Court finds the Settlement Agreement to be fair and reasonable. The settlement is therefore APPROVED by the Court.

8. Pursuant to the terms of the Settlement Agreement, the Court retains jurisdiction of this matter for purposes of enforcement of the settlement.

9. This lawsuit and the claims of the Plaintiffs asserted in it are DISMISSED, WITH PREJUDICE, in their entirety. The Court will separately enter the Stipulation of Dismissal for this action.

10. Each party shall bear its own costs, except as provided to the contrary in the Settlement Agreement and in this Order.

**SO ORDERED**.

Dated: Central Islip, New York
October 25, 2019

<u>/s/ A. Kathleen Tomlinson</u>
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge